IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANK LAWRENCE                                                                                    PLAINTIFF
#07934-20

v.                                          4:20-cv-01363-KGB-JJV

ARAMARK, *et al*.                                                                              DEFENDANTS

## ORDER

Frank Lawrence ("Plaintiff"), incarcerated at the Pulaski County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application").  (Doc. No. 8.)

**I.     APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

Plaintiff was granted *in forma pauperis* status on December 21, 2020.  (Doc. No. 7.) Accordingly, his Application (Doc. No. 8) is DENIED as moot.

**II.    SCREENING**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be

weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. PLAINTIFF'S COMPLAINT

On November 16, 2020, Plaintiff sued Defendants Aramark, Musaddiq, Higgins, and Does under 42 U.S.C. § 1983.  (Doc. No. 2.)  As part of the screening process, on December 21, 2020, I advised Plaintiff that his Complaint failed to state a claim on which relief may be granted and I explained why.  (Doc. No. 7 at 3-6.)  Plaintiff was given the chance to submit an Amended Complaint within thirty (30) days to cure the defects in his pleading.  (*Id*. at 7.)  I cautioned Plaintiff "that an Amended Complaint renders his original Complaint without legal effect."  (*Id*.)  I also explained that "[o]nly claims properly set out in Plaintiff's Amended Complaint, if he opts to file one, will be allowed to proceed."  (*Id*.)

Plaintiff filed his Amended Complaint on January 12, 2021.  (Doc. No. 9.)  In his Amended Complaint, Plaintiff names only Sergeant Musaddiq as a Defendant.  (*Id*. at 1.)  In the body of his Amended Complaint, Plaintiff makes allegations only against Defendant Musaddiq.  Plaintiff alleges he is exposed to second-hand smoke 24 hours a day because Defendant Musaddiq allows smoking in areas of the Detention Center, despite those areas being designated as non-smoking.  (*Id*. at 4.)  Plaintiff further alleges Defendant Musaddiq "possess the authority to ban the purchase of tobacco, but through his willful indifference, he exposes [Plaintiff] to death hazards . . . by

permitting tobacco use." (*Id*.)  Plaintiff seeks damages, among other relief.  (*Id*. at 5.)  Plaintiff's claims against Defendant Musaddiq will be served.

Because in his Amended Complaint Plaintiff neither named Aramark, Higgins, and Does as Defendants nor made any allegations against them, they will be dismissed from this action without prejudice.

### VII.  CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 8) is DENIED as moot.

2. Plaintiff's claims against Defendants Aramark, Higgins, and Does are dismissed without prejudice.

3. Defendants Aramark, Higgins, and Does are dismissed as parties from this lawsuit.

4. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 13th day of January 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE